## BROW v CANNADY et

Ohio Appeals, 8th Dist, Cuyahoga Co.

No 16903. Decided May 8, 1939

Woodle & Wachtle, Cleveland, for plaintiff-appellant.

Stephen G. Vamos, Esq., Cleveland, for defendants-appellees.

(SHERICK, J., and MONTGOMERY, J., of the Fifth District, sitting by designation).

## OPINION

**BY THE COURT:**

The record presented for our consideration in this case is confused and confusing. Counsel on both sides and the trial court appear to have acted from time to time without an accurate knowledge of the state of the record. From a study of it, however, we are convinced that the plaintiff-appellant was in court by virtue of the service upon him by publication and that the trial court had jurisdiction over the parties and the subject matter so as to enable him to hear and determine the merits of the case.

The petition to vacate the judgment with the supporting affidavit set forth the existence of a valid and sufficient defense. The answer which was subsequently filed set forth a valid and sufficient defense. To this answer was attached a cross-petition. It is contended by the plaintiff-appellant that the cross-petition could not be the basis of a proceeding to vacate a judgment and is not a defense to the action. With this contention we agree. However, the defense itself being valid and sufficient, the cross-petition was an incident thereto, and in our judgment the trial court had the power and authority to determine all the issues presented.

We are of opinion, however, that under the evidence as shown by the record, the trial court was in error in holding for the defendants-appellees. The claim was that the plaintiff was not the owner of the property in question and that consequently they could not be held upon their agreement. As we view it, however, the essential thing is not that the maker should be the owner of the property at the time he, by his contract, agreed to convey it, but that at the time of the consummation of the contract he must be in position to carry out the contract. In other words, one not the owner may make a valid contract to sell property, provided at the time of consummation of the deal he is able to and does produce an adequate and sufficient conveyance from the real owner.

In the instant case counsel for plaintiff-appellant offered a professional statement in lieu of evidence to the effect that he had stated to the defendants-appellees that a deed would be procured from the wife of the plaintiff in accordance with the contract, and in the course of the trial in the Municipal Court such a deed was produced and tendered.

We are clearly of the opinion that the trial court was not, in view of this evidence, justified in rendering a judgment for the defendants

It is urged by the appellant that this court should now render final judgment on his behalf, but we do not feel justified in doing so. It seems to us that in view of the character of the record presented the only fair and just thing is a reversal of the judgment of the Municipal Court and a remanding of this action to that court for further proceedings according to law, on the ground that the judgment of that court is manifestly against the weight of the evidence, and such is the order of this court.

LIEGHLEY, PJ, SHERICK, J, MONTGOMERY, J, concur.